IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER ADAM PHANPRADITH, #A1069589, | CIVIL NO. 21-00293 LEK-RT |
| Plaintiff, | ORDER DISMISSING COMPLAINT IN PART WITH LEAVE TO AMEND |
| vs. | |
| ERIN LOREDO, *et al.*, | |
| Defendants. | |

## ORDER DISMISSING COMPLAINT IN PART WITH LEAVE TO AMEND

Before the Court is pro se Plaintiff Christopher Adam Phanpradith's

("Phanpradith") Prisoner Civil Rights Complaint ("Complaint") brought pursuant

to 42 U.S.C. § 1983.  ECF No. 1.  Phanpradith alleges that (1) Inmate Grievance

Specialist Erin Loredo ("Loredo") violated his First Amendment rights by

retaliating against him for submitting an incident report and grievances, *id.* at 4–5,

and (2) Watch Commander Mary Keala ("Keala") violated his rights under the

Fourteenth Amendment by denying him due process during a February 25, 2021

misconduct hearing, *id.* at 5–6.[1]  For the following reasons, the Complaint is DISMISSED in part with leave granted to amend pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a).  Phanpradith may file an amended pleading on or before October 18, 2021.  In the alternative, Phanpradith may inform the Court on or before October 18, 2021 that he will proceed with his First Amendment claim in Count I against Loredo.

## I.  STATUTORY SCREENING

The Court is required to conduct a pre-Answer screening of any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, or in which a plaintiff proceeds in forma pauperis. 28 U.S.C. §§ 1915(e)(2), 1915A(a).  During this screening, the Court must dismiss any complaint or portion thereof that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from defendants who are immune from suit.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (noting that 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) "are directed at screening out meritless suits early

---

[1] According to Phanpradith, Keala works at the Kulani Correctional Facility.  ECF No. 1 at 1.  Phanpradith is currently incarcerated at the Halawa Correctional Facility.  *See* VINE, https://www.vinelink.com/classic/#/home/site/50000 (select "Find an Offender"; then enter "Phanpradith" in "Last Name" field and "Christopher" in "First Name" field") (last visited Sept. 15, 2021).

on"); *see also Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019) (describing

screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b)).

In determining whether a complaint or any portion thereof should be

dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) or

1915A(b), the Court applies the same standard as that under Federal Rule of Civil

Procedure 12(b)(6) ("Rule 12"). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th

Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and

citation omitted); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018)

(per curiam). A claim is "plausible" when the facts alleged support a reasonable

inference that the plaintiff is entitled to relief from a specific defendant for specific

misconduct. *See Iqbal*, 556 U.S. at 678. Although this plausibility standard does

not equate to a "probability requirement," "it asks for more than sheer possibility

that a defendant has acted unlawfully." *Id.*; *see also Dent v. Nat'l Football

League*, 968 F.3d 1126, 1130 (9th Cir. 2020) (same).

Rule 12 is read in conjunction with Federal Rule of Civil Procedure 8(a)

("Rule 8"). Rule 8 "requires only 'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*  (citation omitted) (brackets in original); *see also Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016) (same).

The Court construes pro se litigants' pleadings liberally and affords them the benefit of any doubt.  *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam).  Liberal construction of a pro se civil rights complaint, however, "may not supply essential elements of the claim that were not initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (internal quotation marks and citation omitted).  Nor do district court judges have an "obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 42 U.S. 225, 231 (2004); *see also Eblacas v. Agbulos*, Civ. No. 18-00376 DKW-RLP, 2018 WL 5621954, at *2 (D. Haw. Oct. 30, 2018) ("While the court construes [the plaintiff's] allegations liberally and affords him the benefit of any doubt, it will not

speculate about [the plaintiff's] claims, and has no obligation to act as counsel or paralegal to pro se litigants." (internal quotation marks and citation omitted)).

The Court cannot dismiss a pro se litigant's pleading without leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Before dismissing a pro se complaint, the Court must provide the litigant with notice of the deficiencies in his complaint "to ensure that the litigant uses the opportunity to amend effectively."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citations omitted).

## II.  **PHANPRADITH'S CLAIMS**[2]

In January 2021, Loredo "confronted" and "mistreated" Phanpradith after he filed Grievance 249663.  ECF No. 1 at 4.  According to Phanpradith, Loredo had wanted to deny Grievance 249663, but a "[h]igher [a]uthority" allowed it to proceed.  *Id.*  Phanpradith submitted a "personal incident report" to the Chief of Security complaining about Loredo's conduct.  *Id.*  Phanpradith attempted to follow up on Grievance 249663 by submitting Grievance 247128 on January 18,

---

[2] Phanpradith's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

2021, and Grievance 249665 on February 10, 2021.  *Id.*  Loredo denied each of these additional grievances.  *Id.*

On February 16, 2021, Phanpradith was placed in isolation because of a "false misconduct report" submitted by Loredo.  *Id.*  In the report, Loredo claimed that Phanpradith "made threats of bodily harm toward her person or property" and harassed her.  *Id.*  Phanpradith denies doing any of these things.  *Id.*  Phanpradith alleges that Loredo submitted the false disciplinary report in retaliation for the "incident report and grievances" he had submitted.  *Id.*

Phanpradith attended a February 25, 2021 misconduct hearing based on Loredo's "false misconduct report."  *Id.* at 5.  Phanpradith alleges that Keala, who was the chairperson of the committee presiding over the hearing, denied him a fair hearing.  *Id.*  According to Phanpradith, Keala did not allow him "to interview or question the person who wrote the misconduct report,"[3] and she did not give him "a chance to be heard or to present his case fairly."  *Id.* After the hearing, Phanpradith was "sanctioned to 30 days of isolation."  *Id.*

Phanpradith seeks $15,000 in punitive damages from each Defendant, $10,000 from each Defendant for "mental and emotional distress," unspecified compensatory damages, and costs and fees.  *Id.* at 6.

---

[3] Based on the allegations in Count I, it appears that Phanpradith wanted to interview or question Loredo.

### III. <u>DISCUSSION</u>

**A.    Legal Framework for Claims Under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." (citation omitted)).  "'A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**B.    First Amendment**

Phanpradith alleges in Count I that Loredo retaliated against him for submitting an "incident report and grievances" by "filing a false disciplinary report

claiming that [Phanpradith] made threats of bodily harm toward her person or property" and harassed her.  ECF No. 1 at 4.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012); *see also Shepard v. Quillen*, 840 F.3d 686, 688 (9th Cir. 2016) ("We have long recognized that a corrections officer may not retaliate against a prisoner for exercising his First Amendment right to report staff misconduct.").  A viable First Amendment retaliation claim in the prison context requires:  (1) an assertion that a state actor took some adverse action against an inmate; (2) because of; (3) that prisoner's protected conduct, and that such action; (4) chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal.  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

According to Phanpradith, Loredo "confronted" and "mistreated" him after he submitted Grievance 249663.  ECF No. 1 at 4.  Phanpradith submitted a "personal incident report" to the Chief of Security complaining about Loredo's conduct.  *Id.*  On February 16, 2021, Phanpradith was placed in isolation because of a "false misconduct report" submitted by Loredo.  *Id.*  In the report, Loredo claimed that Phanpradith "made threats of bodily harm toward her person or property" and harassed her.  *Id.*  Phanpradith denies doing any of these things.  *Id.*

Phanpradith alleges that Loredo submitted the false disciplinary report in retaliation for the "incident report and grievances" he had submitted. *Id.* Loredo's disciplinary report was the basis for a February 25, 2021 misconduct hearing. *Id.* at 5. At the conclusion of that hearing, Phanpradith was sanctioned with thirty days in isolation. *Id.* Phanpradith states that he has not exhausted Grievance 24963 out of a fear of further retaliation. *Id.* at 4. Phanpradith plausibly alleges a retaliation claim against Loredo that may proceed.

## C. Fourteenth Amendment

Phanpradith alleges in Count II that Keala violated his due process rights during a February 25, 2021 misconduct hearing by denying him a fair hearing. ECF No. 1 at 5.

The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913

9

(9th Cir. 2000) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)) (brackets in original).

Protected liberty or property interests may arise under the Due Process Clause itself or state law. *See Meachum v. Fano*, 427 U.S. 215, 223–27 (1976). "In the prison context, these interests are generally ones pertaining to liberty." *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1075 (S.D. Cal. 2007). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) ("We conclude that a convicted felon also is entitled to the benefit of procedures appropriate in the circumstances before he is found to have a mental disease and transferred to a mental hospital."), and *Washington v. Harper*, 494 U.S. 210, 221–22 (1990) ("[R]espondent possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment.")). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance." *Sandin*, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487.

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin*, 515 U.S. at 484); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin*'s wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to: "(1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's

discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064-65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

Phanpradith does not allege sufficient facts to show that any deprivations he experienced because of the February 25, 2021 misconduct hearing imposed the type of "atypical and significant hardships" required by *Sandin* to invoke any liberty interest entitled to procedural protections. The sanction of thirty days in isolation, without more, does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486; *see also Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (concluding that seven months of disciplinary confinement "does not, on its own, violate a protected liberty interest"); *Anderson v. Oahu Cmty. Corr. Ctr.*, Civ. No. 18-00260 DKW-KSC, 2018 WL 3430674, at *3 (D. Haw. July 16, 2018) ("District courts within the Ninth Circuit have held that segregation from forty days to two-and-a-half years in duration, in itself, does not impose an atypical and significant

hardship giving rise to a protected liberty interest."). Phanpradith's due process claim in Count II is DISMISSED without prejudice.

### IV.  <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED IN PART with leave to amend, consistent with the directions in this Order on or before October 18, 2021.  Phanpradith may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims already alleged. Claims that do not properly relate to his Complaint are subject to dismissal.

If he elects to file an amended pleading, Phanpradith must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.4, which require an amended complaint to be complete itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights complaint form.  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR10.4.  Claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

**IN THE ALTERNATIVE:**

In writing on or before October 18, 2021, Phanpradith may state that he elects to proceed solely on his First Amendment retaliation claim in Count I against Loredo.  On receipt of such written notification, or if Phanpradith fails to submit a timely amended complaint, the Court will order the Complaint, as limited by this Order, served on Loredo without further notice.

## V.  CONCLUSION

(1) Phanpradith's First Amendment retaliation claim in Count I against Loredo may proceed.

(2) Phanpradith's Fourteenth Amendment due process claim in Count II against Keala is DISMISSED with leave granted to amend.

(3) If he chooses, Phanpradith may file an amended complaint that addresses the noted deficiencies in his due process claim on or before October 18, 2021.

(4) IN THE ALTERNATIVE to filing an amended complaint, Phanpradith may notify the Court in writing on or before October 18, 2021 that he elects to proceed solely with his First Amendment retaliation claim in Count I against Loredo.

If Phanpradith fails to file either an amended complaint or a notice of election by October 18, 2021, the Court will direct the Complaint to be served, as limited by this Order.

14

(5)  The Clerk is DIRECTED to send Phanpradith a prisoner civil rights complaint form so that he may comply with the directions of this Order, if he elects to file an amended complaint.

IT IS SO ORDERED.

DATED: September 16, 2021 at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge